FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 OCT 17  PM 2:45

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| CYNTHIA WEST-RANDALL<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 3:14-cv-1268-J-32PDB<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Cynthia West-Randall, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in District proper in that the Defendant transacts business here and the conduct complained of occurred.

1

## PARTIES

3. Plaintiff Cynthia West-Randall (hereinafter "Plaintiff") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Duval County, in the state of Florida.

4. Defendant, Performant Recovery, Inc. (hereinafter "Defendant") is a foreign debt collection agency and company engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

Case background:

7. Sometime before April 2, 2014, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

10. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection call(s) to Plaintiff prior to April 2, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

11. In or around September of 2013, Plaintiff told Defendant that calls to her workplace inconvenienced her, and were prohibited by her employer. However, Defendant continued to call for Plaintiff while she worked, knowing that continued calls to Plaintiff during her work hours inconvenienced her and were prohibited. This was an invasion of Plaintiff's privacy by intruding upon her seclusion. Defendant also made improper contact with a third party unrelated

to the alleged debt, under the FDCPA, by asking a co-worker of Plaintiff to relay a message to Plaintiff, without invitation, and without Plaintiff's express consent. The above-detailed conduct by Defendant was in violation of the FDCPA, namely including, but not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), § 1692c(a)(3), § 1692c(b), § 1692d, and § 1692f. These were communication(s), as defined under 15 U.S.C. § 1692a(2).

12. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the illegal manner in which this alleged debt was collected by this Defendant.

13. Plaintiff suffered actual damages as a result of the illegal collection communication(s) by this Defendant in the form of emotional distress, and upset, amongst other negative emotions.

14. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## FIRST CLAIM FOR RELIEF

## AND SUPPORTING FACTUAL ALLEGATIONS

15. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

16. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable costs and attorney fees.

## SECOND CLAIM FOR RELIEF

## AND SUPPORTING FACTUAL ALLEGATIONS

19. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

20. Defendant violated the Florida Consumer Collection Practices Act 559.55 et seq. (hereinafter "FCCPA"). The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FCCPA including, but not limited to, 559.72(7) of the FCCPA, with respect to Plaintiff.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

2. As a result of the foregoing violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and reasonable costs and attorney fees.

## THIRD CLAIM FOR RELIEF

## AND SUPPORTING FACTUAL ALLEGATIONS

24. Plaintiff repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

25. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal
>
> bankruptcies, to marital instability, to the loss of jobs, and to invasions of
>
> individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

26. In enacting the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Plaintiff, and to place restrictions on unconsented telephone calls that are not for emergency purposes that are placed to individuals for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not continue to place any calls to a consumer who has told a debt collector such as Defendant not to call when it is prohibited or would inconvenience the consumer, in violation of FCC regulations.

27. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for

a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

28. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by unlawfully continuing to attempt to collect an alleged debt from Plaintiff, and thereby invaded Plaintiff's privacy.

29. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully continuing to contact her while she worked without invitation and/or her express consent, or it being for emergency purposes, after she gave it reason to know that this would be unacceptable and was prohibited, and thereby invaded Plaintiff's right to privacy.

30. Defendant and/or its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Plaintiff to pay on it, which amounted to conduct to intentionally and

maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to privacy.

31. Upon information and belief, Defendant and its agents had knowledge of the FDCPA and what is lawful action under it prior to calling Plaintiff, yet they continued to contact her in an illegal manner.

32. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

33. The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

34. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

35. As a result of such an intrusion and invasion of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

36. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA and FCCPA violations, and as a result of the invasion of plaintiff's privacy by the intrusion upon her seclusion; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A), and also pursuant to the FCCPA.

C. Punitive damages.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and the FCCPA.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Cynthia West-Randall, demands trial by jury in this action.

Dated: October 5, 2014

RESPECTFULLY SUBMITTED,

By: _____
Benjamin H. Crumley, Esq.
Florida Bar No. 018284
Crumley & Wolfe, P.A.
2254 Riverside Avenue
Jacksonville, FL 32204
Phone: (904) 374-0111
Fax: (904) 374-0113
Email: ben@cwbfl.com
Attorney for plaintiff,
Cynthia West-Randall